UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN BRAZIER,

    Plaintiff,

    v.                                   CAUSE NO. 3:22-CV-587-JD-JEM

JASON WISNIEWSKI, et al.,

    Defendants.

OPINION AND ORDER

Kevin Brazier, a prisoner without a lawyer, filed a complaint against four defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brazier alleges that, on January 12, 2022, when Deputy Servin was passing out lunch trays on J7 Pod at the St. Joseph County Jail, she ordered the pod be locked down because inmates had incited a demonstration. ECF 1 at 7; ECF 1-1 at 4. He asserts that, after Deputy Servin ordered the lockdown, he returned to his cell and heard inmates complaining about the lockdown and not getting their food. *Id*. Deputy Alexander Baker was called to J7 Pod and, when he arrived, he opened the cuff port of the main

door to talk with several inmates. *Id*. Brazier then decided to leave his cell and walked to the main door to talk with Deputy Baker. *Id*. Shortly thereafter, Deputy Baker pulled out his oleoresin capsicum ("OC") spray and attempted to spray OC through the cuff port of the main door. *Id*. The inmates near the main door grabbed a trash can and covered the cuff port with it. *Id*. Deputy Baker then sprayed OC under the main door. *Id*. Corporal Brent Rose and Lieutenant Jason Wisniewski were also called to J7 Pod and, when they arrived, they also deployed OC spray. *Id*. Brazier asserts Deputy Baker, Corporal Rose, and Lieutenant Wisniewski sprayed excessive amounts of OC in J7 Pod in every direction for more than ten minutes. *Id*. He asserts the OC spray spread everywhere in J7 Pod, including his cell. *Id*. At one point, he pressed the call button in his cell because he could not breathe and felt lightheaded, but Deputy Carr said he could not send a nurse. *Id*. Several minutes later, Brazier pressed the call button again and Deputy Servin said he could decontaminate in the dayroom but could not send a nurse. *Id*. at 7-8.

Brazier asserts the conditions in the dayroom were worse than those in his cell. *Id*. at 8. He pressed the call button to inform Deputy Servin about the situation, but she did not answer. *Id*. Brazier then walked to his cell to get the items he needed to take a shower and fell down on the floor because it was slippery from the OC spray. *Id*. He landed on the center of his right elbow, causing pain to shoot through his shoulder and into his back. *Id*. Deputy Baker along with several officers and nurses helped Brazier get up off of the floor. *Id*.

Brazier was escorted to the nurse's station where he was examined and told he needed to go to the hospital. *Id*. He was treated in the emergency room for several hours where he was prescribed medication for his injuries. *Id*. After he returned to St. Joseph County Jail, he was housed in the jail's booking area for observation for several days. *Id*. While he was in the booking area, he was refused a shower and told he had to wait until the next day to take a shower.[1] *Id*. As a result, he asserts he had to suffer with OC spray on his body, hair, and face for almost twenty-four hours. *Id*. Brazier was later moved back to J7 Pod and found guilty of a disciplinary offense because he failed to lockdown during the inmate demonstration. *Id*.; ECF 1-1 at 4.

Because Brazier was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353-54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'"

---

[1] Brazier has not identified the person responsible for denying him a shower.

*Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, however, "negligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. Here, Brazier plausibly alleges that Deputy Baker, Corporal Rose, and Lieutenant Wisniewski used objectively unreasonable force against him, on January 12, 2022, when they sprayed OC in J7 Pod for more than ten minutes. While additional fact finding may show that the officers use of OC spray may have been a good faith effort to maintain discipline, Brazier has stated claims against these three officers in their individual capacities.

Brazier has also sued Deputy Carr for refusing to send a nurse to J7 Pod, on January 12, 2022, when he could not breathe and felt lightheaded from the OC spray. ECF 1 at 7. Pretrial detainees are entitled to adequate medical care under the Fourteenth Amendment. *Miranda*, 900 F.3d at 353-54. To plead a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that

4

act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). As noted above, in assessing whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays*, 974 F.3d at 819. It is not enough for the plaintiff to allege "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. While Brazier complains that he did not receive medical care for his symptoms caused by the OC spray, it cannot plausibly be inferred that Deputy Carr was objectively unreasonable when he did not call for a nurse given the fact that inmates had been demonstrating and OC had been sprayed in J7 Pod. These conditions made it unsafe for the prison's nursing staff to enter J7 Pod to treat Brazier. Moreover, he was given an opportunity to decontaminate in the dayroom. Therefore, Brazier has not stated a claim against Deputy Carr.

Furthermore, to the extent Brazier may assert that his constitutional rights were violated because he was injured when he fell down on a slippery floor covered with OC spray in J7 Pod, he has not stated a claim. ECF 1 at 8. His allegations do not give rise to a Fourteenth Amendment violation because slippery surfaces in prisons, without more, are generally not considered unconstitutionally hazardous. *See Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014). For example, even when an inmate plausibly alleged the warden "consciously ignored a safety hazard" of wet and slippery stairs after being told directly about it, the Seventh Circuit found that the hazard was not "sufficiently

5

serious" to invoke the Constitution. *Id*. at 410. At most, the incident described by Brazier is suggestive of negligence, but negligence alone is not enough to support a constitutional claim. *Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. 2004). Therefore, he has not stated a claim against any defendant.

For these reasons, the court:

(1) GRANTS Kevin Brazier leave to proceed against Deputy Alexander Baker, Corporal Brent Rose, and Lieutenant Jason Wisniewski in their individual capacities for compensatory and punitive damages for using objectively unreasonable force against him on January 12, 2022, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Deputy Carr;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Alexander Baker, Corporal Brent Rose, and Lieutenant Jason Wisniewski at St. Joseph County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS St. Joseph County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Deputy Alexander Baker, Corporal Brent Rose, and Lieutenant Jason Wisniewski to respond, as provided for in the Federal

6

Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on May 15, 2023

                                              /s/JON E. DEGUILIO
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT