### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| KEVIN BRAZIER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:22-CV-587-JEM |
| | ) | |
| JASON WISNIEWSKI, *et al.*, | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Kevin Brazier, a prisoner without a lawyer, is proceeding in this case "against Deputy Alexander Baker, Corporal Brent Rose, and Lieutenant Jason Wisniewski in their individual capacities for compensatory and punitive damages for using objectively unreasonable force against him on January 12, 2022, in violation of the Fourteenth Amendment." [DE 15 at 6]. Specifically, Brazier alleges that the defendants sprayed an excessive amount of OC[1] spray in J-Pod in every direction for more than ten minutes, which limited his ability to breathe. On October 12, 2023, the defendants filed a motion for summary judgment. [DE 36]. With the motion, the defendants provided Brazier the notice required by Northern District of Indiana Local Rule 56-1(f). [DE 40]. Attached to the notice were copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The Court extended Brazier's deadline to December 20, 2023. [DE 49]. This deadline passed over three months ago, but Brazier has not responded. Therefore, the Court now rules on the defendants' summary judgment motion. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh

---

[1] OC spray is oleoresin capsicum spray and is commonly known as pepper spray.

Circuit Court of Appeals has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc*., 621 F.3d 651, 654 (7th Cir. 2010).

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397.

The defendants provide affidavits from themselves, which show the following facts:[2] On January 12, 2022, Deputy Servin was conducting chow pass in the J-Pod when she noticed an inmate had a black and swollen eye. Servin Aff. at 1-2 [DE 38-2]. The inmate refused to tell Deputy Servin what happened to his eye, so she called for assistance and ordered all inmates in the J-Pod to lock down so she could conduct an investigation. *Id.* at 2. She made loud clear commands for the pod to lock down, but numerous inmates in the pod refused to lock down. *Id.* Deputy Baker arrived and also ordered the inmates to lock down, but more than half the inmates refused to lock down and became hostile and aggressive and challenged the staff to enter the dayroom. *Id.*; Baker Aff. at 1-2 [DE 38-1]. Deputy Baker removed his can of OC spray and gave several more commands for the inmates to lock down, but they refused. Baker Aff. at 2 [DE 38-1]. Deputy Baker opened the food slot to deploy a burst of OC spray into the dayroom, but several inmates placed a trash can over the food slot to prevent the OC spray from having an effect. *Id.* Deputy Baker was unable to remove the trash can, so he deployed a controlled burst of OC spray under the dayroom door, which was partially effective at moving the inmates away from the door. *Id.* Inmates continued to refuse orders to lock down, so Deputy Baker opened the food slot and deployed a second controlled burst of OC spray into the dayroom. *Id.* at 2-3. The inmates moved away from the door and toward the back of the dayroom. *Id.* at 3. Deputy Baker and other officers entered the dayroom and gave more orders for inmates to go to their cells and lock down, but the inmates still refused. *Id*. Deputy Baker, Lt. Wisniewski, and Corporal Rose deployed additional bursts of OC spray in the direction of inmates who were out of their cells and making threats. *Id.*; Rose Aff. at 2 [DE 38-3 at 2]. Once the inmates complied with the orders to lock down in their cells, no further OC spray was dispersed. Baker Aff. at 4

---

[2] Because Brazier did not respond to the defendants' summary judgment motion, the accepts the defendants attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion .")

[DE 38-1]. The correctional officers were able to secure all cell doors, and removed the inmate with the black eye so he could be evaluated by medical staff. *Id.* at 3-4.

Here, there is no evidence by which a reasonable jury could conclude the defendants used objectively unreasonable force against Brazier by deploying OC spray in the J-Pod. Specifically, there is no evidence any defendant intentionally deployed OC spray against Brazier. Rather, the undisputed evidence shows the defendants deployed controlled bursts of OC spray in areas of the dayroom where inmates were threatening officers and refusing orders to lock down. Considering the factors laid out in *Kingsley*, Brazier provides no evidence that he was injured by the application of OC spray, that the defendants exaggerated the extent of the security problem, or that the defendants used more OC spray than was reasonably necessary to restore order in the dayroom. *See Kingsley*, 576 U.S. at 398; *Musgrove v. Detella*, 74 F. App'x 641, 646 (7th Cir. 2003) (OC spray "can be used in limited quantities when reasonably necessary to subdue or maintain control over an inmate," and "violates the Eighth Amendment only if it is used 'in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain'") (citing *Soto v. Dickey*, 744 F.2d 1260, 1270–71 (7th Cir. 1984)). Therefore, summary judgment is warranted in favor of the defendants.

For these reasons, the Court:

(1) **GRANTS** the defendants' motion for summary judgment [DE 36]; and

(2) **DIRECTS** the Clerk of the Court to enter judgment in favor of the defendants and against Kevin Brazier and to close this case.

SO ORDERED this 25th day of March, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, *pro se*

4